**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| WILMER STEVENS, | Case No. EDCV-03-0878-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Wilmer Stevens seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons stated below, the Commissioner's decision shall be reversed and the matter shall be remanded to the Commissioner for further proceedings consistent with the Memorandum Opinion and Order.

//

//

//

## I. Background

Plaintiff was born on December 3, 1951 and was fifty-two years old at the time of his administrative hearing. He has a third grade education and is illiterate. Plaintiff worked for thirty years hanging drywall. (Administrative Record "AR" at 44.) He last worked in 1991 and last looked for work in 1998. (AR at 49.) Since he stopped working he has lived with family and friends. (AR at 47.) He alleges disability due to kyphoscoliosis[1] of the thoracolumbar spine, liver disease, depression, and low intellectual functioning. (Joint Stipulation "JS" at 2.)

Plaintiff filed his application for disability benefits on August 16, 1999. (JS at 2.) His application was denied initially and upon reconsideration. (JS at 2.) Plaintiff timely requested a hearing before an administrative law judge ("ALJ"), which was held on June 21, 2002[2] and March 19, 2003 before ALJ F. Keith Varni. (AR at 31-53.)

Plaintiff and Plaintiff's friend and roommate, Greg Holcomb, testified at the hearing. Plaintiff testified about his chronic back and leg pain. (AR at 41.) He stated that sometimes the pain affects his concentration and ability to sleep. He uses a bicycle as a crutch when he takes walks. (AR at 42-43.) Plaintiff suffers from depression and has a hard time relating to other people. (AR at 42.) He testified that he rarely leaves the house and spends most of his day watching television. (AR at 43.) Holcomb also testified about Plaintiff's pain,

---

[1] Kyphoscoliosis is a backward and lateral curvature of the spinal column. *Sloane-Dorland Annotated Medical and Legal Dictionary,* p. 401 (1987).

[2] At the first hearing, the ALJ gave Plaintiff additional time to find new legal representation. (AR at 31-36.)

stating that Plaintiff cannot lay or sit in one position for extended periods of time. (AR at 50-51.)  He stated that Plaintiff was depressed and slept a lot. (AR at 51.)

In a decision dated March 27, 2003, the ALJ denied Plaintiff's disability application. (AR at 19.)  The ALJ determined that Plaintiff suffers from the severe medical impairments of congenital thoracic kyphoscoliosis and reduced cognitive function. (AR at 18.)  The ALJ found that Plaintiff retains the residual functional capacity for medium work[3] and can perform his past relevant work as a drywall taper. (AR at 19.)

The Appeals Council denied Plaintiff's request for review on June 3, 2003. (AR at 4-6.)  Plaintiff commenced this action for judicial review on August 15, 2003. On April 14, 2005, the parties filed a Joint Stipulation of disputed issues.  Plaintiff asserts that the ALJ erred by:  (1) failing to reopen Plaintiff's prior disability applications, (2) rejecting the opinion of Plaintiff's treating physician, (3) improperly assessing Plaintiff's credibility, (4) rejecting the testimony of Greg Holcomb, (5) determining that Plaintiff was capable of performing his past relevant work, and (6) failing to fully develop the record.[4]  (JS at 3.)  Plaintiff seeks reversal of the Commissioner's decision and remand for payment of benefits or a new hearing. (JS at

---

[3]  Medium work involves lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

[4]  Plaintiff may also be raising a claim that the ALJ erred in assessing his residual functional capacity. (*See* JS at 14.)  The ALJ's determination is consistent with the medical evidence, except for the report of one consultative examiner which the ALJ provided adequate reasons for rejecting. (*See infra* Part III.2.)  Any such claim would be meritless.

27.)  Defendant requests that the ALJ's decision be affirmed. (JS at 28.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits.  The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.*  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

## III. Discussion

### A. The ALJ Did Not Err in Not Reopening Plaintiff's Prior Disability Applications.

Plaintiff filed several prior applications for Supplemental Security Income benefits, the most recent of which was denied on November 17, 1999.  The ALJ stated in his decision that he was not reopening any of Plaintiff's prior applications and that any

consideration of documents covered by the prior denials was for "historical purposes only." (AR at 15.) Plaintiff contends that the ALJ erred by not reopening the prior denials.

Section 405 (g) of the Social Security Act limits judicial review of agency actions to "final decisions of the Commissioner after a hearing." 42 U.S.C. § 405 (g). It is well settled that the refusal to reopen the prior decision is not a "final decision after a hearing" within the meaning of the Act and is therefore ordinarily not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Udd v. Massinari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001). The only exception to this jurisdictional bar arises if the claimant presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (quoting *Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir. 1997). The Ninth Circuit has found a colorable claim when a plaintiff suffers from a mental impairment and is not represented by counsel. *See Udd*, 245 F.3d at 1099*; Evans*, 110 F.3d at 1483. The pertinent question is whether the plaintiff understood the denial notice and the procedures required for contesting the denial. *Udd*, 245 F.3d at 1099.

Here, Plaintiff cannot show that his low intelligence resulted in a failure to understand the denials of his previous applications or the requirements for appeal. Plaintiff's mental residual functional capacity assessment, completed by Dr. David E. Gross on December 10, 2001, shows only insignificant or moderate limitations in understanding, memory, concentration, and persistence. (AR at 254.) The examiner concluded that although Plaintiff could be considered to be mildly

5

retarded, he "should be able to do SRT's [simple repetitive tasks] in a non-public setting." (AR at 256.)  Plaintiff's condition is similar to the plaintiff in *Evans v. Chater*, in which the Ninth Circuit found no due process violation in deciding not to reopen a prior application. The plaintiff in *Evans* suffered from major depression and had reduced concentration but exhibited fair judgment in formal testing. 110 F.3d at 1484.  In comparison, in *Udd v. Massanari*, in which the Ninth Circuit found that the decision not to reopen the prior applications violated due process, the plaintiff met the listing requirements for schizophrenia and experienced a crisis requiring hospitalization at the time he received his termination notice. 245 F.3d at 1100.  Plaintiff's mental impairment does not rise to the level required to show that failure to reopen his prior applications would result in a denial of due process.

> **B.   The ALJ Did Not Err in His Assessment of Plaintiff's Physicians' Opinions.**

Plaintiff contends that the ALJ erroneously rejected the opinion of his treating physician that he is totally disabled. (JS at 7.)  The Court assumes that Plaintiff is referring to the Certificate of Disability from the San Bernardino County Medical Center from the spring of 1998. (AR at 173.)  The undated form is signed by an unidentified physician and states that Plaintiff is "totally disabled."  The spaces for information on the length of treatment and length of disability are left blank.

The opinions of treating physicians are ordinarily to be given greater weight than the opinions of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).   "A treating physician is a doctor to

whom the claimant has been going for treatment on a continuing basis." 20 C.F.R. §§ 220.46(d), 404.1527(d)(2) (determining that treating physicians are the "medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)"); *see also Carey v. Apfel*, 230 F.3d 131, 141 n.1 (5th Cir. 2000) (discounting letter from physician in part because physician had not treated the plaintiff on a continuing basis).

The unidentified physician who signed the disability certificate does not qualify as Plaintiff's treating physician. The medical records do not reflect a continuing treatment relationship with this physician. Furthermore, the certificate corresponds to the period Plaintiff was recovering from surgery to repair a complex tibia fracture. (AR at 174.) Any opinion of total disability likely reflects Plaintiff's temporary post-surgery condition. Furthermore, a physician's opinion is not conclusive on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). No relief is warranted.

Plaintiff also alleges that the ALJ erred by rejecting the opinion of Dr. Russell F. Compton, who completed a consultative examination of Plaintiff on November 13, 2001. (AR at 234-37.) Opinions from examining but non-treating sources, such as Dr. Compton, are entitled to greater weight than the opinions of non-examining physicians. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, the ALJ provided specific and legitimate reasons for rejecting Dr. Compton's opinion. The ALJ stated that Dr. Compton's conclusions were not supported by his own objective findings and that they represented an unexplained deterioration from Plaintiff's previous consultative examinations. The ALJ rejected Dr. Compton's findings in favor of the consistent conclusions of two other consultative examiners. (AR at 17.) Therefore,

the ALJ did not err in rejecting the opinion of Dr. Compton.

**C.   The ALJ's Did Not Err in Assessing Plaintiff's Credibility.**

Plaintiff next contends that the ALJ erred in rejecting his credibility. (JS at 11.)  The ALJ determined that Plaintiff's subjective complaints "establish no less of a residual functional capacity" than found by the ALJ. (AR at 17.)

Once a claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain, in the absence of any evidence of malingering, the ALJ may reject subjective testimony only by offering specific clear and convincing reasons for doing so. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)).  Here, the ALJ referred to Plaintiff's daily activities, including walks with his bicycle, and the fact that he was not seeking or receiving any treatment for his back or leg pain. (AR at 17.)  Plaintiff was not even taking previously prescribed pain medication. (*Id.*)  As these are clear and convincing reasons, the ALJ did not err in rejecting Plaintiff's credibility and no relief is warranted.

**D.   The ALJ's Erred in Rejecting the Testimony of Plaintiff's Witness.**

Plaintiff contends that the ALJ erred in rejecting the credibility of Greg Holcomb, Plaintiff's friend and roommate who testified at Plaintiff's disability hearing. (JS at 16-17.)  The ALJ seems to have rejected Holcomb's testimony based on bias:

> Mr. Holcomb said he had supported and lived with the claimant
> for about two years.  He asserted that the claimant had pain,
> could not lift, and had poor sleep.  Mr. Holcomb said he

8

himself had not worked in four years and was on disability for bipolar affective disorder. It is noted that he filled out many of the disability reports in the E section. His interest in getting the claimant off his support is obvious.

(AR at 17.)

Holcomb, as a non-medical source, is a lay witness who can provide testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

Here, the ALJ failed to provide an adequate reason for rejecting Holcomb's testimony. He found that Holcomb had an "obvious" interest in Plaintiff receiving disability benefits. The ALJ did not cite, nor can this Court find, any evidence in the record indicating that Holcomb has an improper financial interest in Plaintiff's potential disability payments other than the fact that Plaintiff currently lives with Holcomb. While some courts have held that an ALJ may consider a witness' financial interest in the award of benefits in evaluating their credibility,[5] the Ninth Circuit has consistently held that bias cannot be presumed from a familial relationship. *See, e.g., Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999);

---

[5] *See Buckner v. Apfel,* 213 F.3d 1006, 1013 (8th Cir. 2000); *Rautio v. Bowen*, 862 F.2d 176, 180 (8th Cir. 1988).

*Dodrill*, 12 F.3d at 918-19.  This is because a personal relationship is a necessity for lay witness testimony since it is provided by people "in a position to observe a claimant's symptoms and daily activities." *Dodrill*, 12 F.3d at 918.  Although lay witnesses are most often a claimant's family member, *see Lewis*, 236 F.3d at 511 (citing testimony from mother, sister and brother), in this case, Holcomb is acting as a surrogate family member, since he lives with Plaintiff and is in the best position to observe his daily activities and ongoing limitations. The ALJ's reasoning that witnesses who live with or support a plaintiff are *per se* not credible for reasons of bias cannot be considered legally proper, since the same rationale could be used to reject lay witness testimony in almost every case.  The ALJ erred in not providing a legitimate germane reason for rejecting Holcomb's testimony.

**E.    The ALJ's Conclusion That Plaintiff Could Perform His Past Relevant Work Was Not Legally Erroneous**.

Plaintiff asserts that the ALJ erroneously concluded that Plaintiff could perform his past relevant work as a drywall taper. (JS at 14-16.) The ALJ found that Plaintiff had the residual functional capacity for medium and non-detailed work, which, according to the *Dictionary of Occupational Titles*, includes drywall taper. (AR at 19, 105-07.)  It appears that Plaintiff actually performed his past work at the heavy or very heavy level. (*See* AR at 98, 127.)

At the fourth step of the sequential evaluation, the claimant has the burden of showing that he cannot perform his past relevant work as it was actually performed *and* as it is generally performed in the national economy. *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002) (citing *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(e), 416.920(e)).  Here, although Plaintiff's residual

functional capacity for medium work will not allow him to do his past work as actually performed, he will be able to perform the general position of drywall taper, as it is defined in the *Dictionary of Occupational Titles*. Therefore, the ALJ did not err in finding Plaintiff capable of performing his past relevant work.

**F.  The ALJ Did Not Fail to Fully Develop the Record.**

Plaintiff contends that the ALJ breached his duty to fully develop the record, specifically by failing to order medical records from Riverside County Behavioral Health. (JS at 25-26.) Plaintiff refers to his hearing testimony as proof of his treatment at Riverside County. However, it is unclear that Plaintiff was referring to mental health treatment at the hearing, as he stated that he was prescribed pain medication. (*See* AR at 41-42.)

The ALJ has a special duty to fully and fairly develop the record. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). However, this duty is only triggered when there is ambiguous evidence or an inadequacy in the record that prevents proper evaluation of a disability claim. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, Plaintiff underwent a psychological evaluation on November 28, 2001. (AR at 238-43.) Plaintiff stated that he had not received any medical treatment for his mental impairments. (AR at 239.) The ALJ thoroughly discussed the results of the psychiatric examination in his opinion. (AR at 18.) The record, as considered by the ALJ, allowed for proper evaluation of Plaintiff's mental impairment. The ALJ's duty to further develop the record was not triggered and it is not apparent that there are any other medical records in existence to develop the record with. The ALJ did not err.

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *see also Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

Here, there are outstanding issues that must be resolved before a determination of disability can be made because the ALJ improperly rejected Holcomb's testimony. The ALJ must conduct a legally acceptable evaluation of Holcomb's testimony and then determine whether Holcomb's testimony affects the findings relating to Plaintiff's residual functional capacity and his ability to perform his past work as a drywall taper. Accordingly, remand is appropriate for the ALJ to further evaluate Holcomb's credibility. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (remanding case for reconsideration of treating physician's opinion).

\\

\\

For the reasons stated above, the Court finds that the ALJ's decision was not free from legal error. Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings. **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 3, 2005                              /S/

                                    _____
                                    MARC L. GOLDMAN
                                    United States Magistrate Judge